**DOCUMENTS INCLUDED IN INFORMATION PACKAGE**

- A copy of the:

  - ❑ order of service

  - ❑ order to answer in actions filed under 28 U.S.C. §§ 2241, 2254, and 2255

  - ❑ Mediation Referral Order for Pro Se Employment Discrimination Cases

- The individual practices of the assigned district judge and designated magistrate judge

- Instructions for Litigants Who Do Not Have Attorneys

- The Notice Regarding Privacy and Public Access to Electronic Case Files

- Service Guides for:

  - ❑ Service in IFP cases

  - ❑ Service in fee-paid cases

  - ❑ Motion Practice Guide

  - ❑ Discovery Guide

- Notice of Change of Address form

- Guide explaining matters handled by magistrate judges and a consent form to complete if all parties agree to proceed for all purposes before the designated magistrate judge

- A form to complete to consent **to receive** court filings electronically (only in cases with nonincarcerated plaintiffs)

- A motion form to complete to consent **to file** documents electronically (only in cases with nonincarcerated plaintiffs)

- A flyer for the free pro se clinic located at the courthouse

**United States District Court**
**Southern District of New York**

## INSTRUCTIONS FOR LITIGANTS WHO DO NOT HAVE ATTORNEYS

Case Name: _____

Docket No.: _____

District Judge Assigned: _____

Magistrate Judge Assigned: _____

Your case has been assigned a docket number, a district judge, and a magistrate judge. Everything that you send to the court concerning this case must be labeled with the case name and docket number (including the initials of the district judge and any magistrate judge before whom the case is pending) assigned to your case. You must mail or deliver any papers you file in your case to the Pro Se Intake Unit at 500 Pearl Street, Room 205, New York, New York, 10007, or, if your case is pending in the White Plains Courthouse, at 300 Quarropas Street, White Plains, NY 10601-4150. You also may email your documents to prose@nysd.uscourts.gov. **Do not send any documents directly to a judge unless ordered to do so.**

If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody. Fill out the "Notice of Change of Address" form included with this letter (or write a letter asking for your address to be changed) and send it to the Pro Se Intake Unit. It is not sufficient to send an envelope with a new return address or submit a letter with a new address listed without asking for your address to be officially changed. By Standing Order, which was mailed to you separately, a case may be dismissed if a party fails to notify the court of an address change.

Your case has been assigned to a district judge and a magistrate judge. The district judge may handle all matters in your case or may "refer" your case to the magistrate judge for certain pretrial issues. If you and all the other parties in your case agree to have your case proceed before the magistrate judge for **all purposes**, including trial, your case may proceed more quickly. A form for all parties to complete, should they agree to have a trial before a magistrate judge, is enclosed. For more information, refer to the enclosed handout "United States Magistrate Judges: Referrals and Consents."

Rev. January 8, 2026

### How do I serve the summons and complaint?

If you filed an Application to Proceed Without Prepaying Fees or Costs (also called an "IFP application") and it was granted, the judge assigned to your case will enter an "Order of Service." The U.S. Marshals Service will serve the summons and complaint on the defendant at no cost to you. If your IFP application was granted, it is not necessary for you to determine on your own how to serve the summons and complaint, unless you choose not to rely on the Marshals Service for service.

If you did not file an IFP application, or if it was denied, or if you choose not to rely on the Marshals Service, you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant with a summons and a copy of the complaint.

Further information on service is included in the enclosed guides. These guides also can be found on the court's website (service in IFP cases and service in fee-paid cases) and at the Pro Se Intake Unit.

### What happens after the defendants have been served and appear?

After the defendants have been served, they generally have 21 or 60 days to either answer the complaint or file a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Depending on the practices of the presiding judge, an initial conference may be scheduled or a pre-trial scheduling order. Please refer to the presiding judge's individual rules.

### What if the defendant does not file an answer?

If you filed a certificate of service and believe that the defendant has not responded to the complaint within the time required, you may file a motion for default judgment. Instructions for this procedure may be found on the court's website and in the presiding judge's individual rules. Please note that some judges require plaintiffs to file an order to show cause rather than a motion for default judgment. Therefore, you must confirm which document your assigned judge requires.

### Can I change or amend the complaint after I file it?

Changing a document that has already been filed with the court is known as "amending" the document. Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, you can amend your complaint one time within 21 days after serving the complaint on the defendant. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, you may amend your complaint one time within 21 days after the defendant files an answer or a Rule 12(b), (e), or (f) motion to dismiss, whichever is earlier. You do not need permission from the presiding judge or from the defendant to amend the

complaint once, under either Rule 15(a)(1)(A) or 15(a)(1)(B). For other information about deadlines see below.

If you want to amend your complaint more than 21 days after the defendant answers or files a motion to dismiss, or if you want to amend it a second time, Rule 15(a)(2) lets you do so in one of two ways. **First**, you can file the amended complaint if you get written permission from the defendant(s). When you file the amended complaint, you must also file the document showing that you have permission from the defendant(s) to amend your complaint. **Second**, if the defendant(s) will not agree to let you amend your complaint, you must file a motion to ask the judge's permission for you to amend your complaint.

When you file an amended complaint, you must file an entirely new complaint, because an amended complaint completely replaces the original complaint. The caption of your amended complaint should say: "First Amended Complaint." If you amend your complaint a second time, the caption should say: "Second Amended Complaint."

### What is a Magistrate Judge and why has my case been referred to one?

All civil cases in the Southern District of New York are assigned to one United States District Judge and one United States Magistrate Judge. A District Judge may refer the case to the Magistrate Judge to handle different parts of the litigation. For instance, a District Judge may refer the case to the Magistrate Judge to handle all pretrial issues relating to discovery. In addition, the parties may consent to have the entire case handled by the Magistrate Judge. In such cases, the District Judge will take no part in the case.

### What is discovery?

Discovery is the process of obtaining and sharing information prior to trial. Both sides engage in this process so that the parties can effectively prepare for trial or arrive at a resolution. The practices governing discovery are laid out in Rules 26-37 of the Federal Rules of Civil Procedure. Common forms of discovery are interrogatories, subpoenas, and depositions. A Discovery Guide is available on the court's public website.

### I am incarcerated. How am I going to do discovery?

Depending on the nature of the case, Local Civil Rule 33.2 may apply to your case. This rule established a set of standing discovery requests generally applicable to the following claims when the pro se plaintiff is incarcerated: Use of Force, Inmate Against Inmate Assault Cases, and Disciplinary Due Process Cases.

## What is a motion?

A motion is a written request to a court and can be made by either party. The most frequent motions are a Motion to Dismiss, which asks the court to dismiss the case based solely on the complaint and before discovery, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and a Motion for Summary Judgment, which asks the court to grant judgment to the moving party after discovery but before trial, pursuant to Rule 56 of the Federal Rules of Civil Procedure. A Motions Guide is available on the court's public website.

## How do I file motions, briefs, and other documents with the court?

You can file motions, briefs, and other documents in four ways: (1) bring the appropriate documents to the Pro Se Intake Unit to file in person; (2) mail the documents to the Pro Se Intake Unit for filing; (3) email the document to prose@nysd.uscourts.gov; or (4) file the documents electronically on ECF, the court's electronic case filing system (see instructions below). The Pro Se Intake Unit does not accept faxes. All self-represented plaintiffs must submit their papers to the Pro Se Intake Unit when filing documents in person or by mail.

## Does the court require a specific format for documents?

Yes, Local Rule 7.1 requires that all documents filed with the court be legible and that every document include the name of each person signing it. In addition, page numbers should be added to your documents. All documents must be signed, as required under Federal Rules of Civil Procedure 5 and 11, with an original signature.

## Is there any type of information that I should not include in court filings?

Documents filed with the court will normally be available to the public at the courthouse, on the internet through PACER (Public Access to Court Electronic Records), and on the court's ECF system. (In certain types of cases, such as those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).) Certain personal identifying information therefore should be removed from documents *before* the documents are submitted to the court for filing. See Notice Regarding Privacy and Public Access to Electronic Case Files.

## How do I serve motions, briefs, or other documents that I file with the court?

After a defendant has been served with the summons and complaint *and* that defendant has "appeared" in the case by filing a notice of appearance, an answer, or a motion, documents delivered to the Pro Se Intake Unit for filing will be scanned and docketed on the ECF system by Clerk's Office staff. The ECF system will then notify by email all other parties who have lawyers that you have filed a document, and those parties will be able to get a copy of the document. This docketing on ECF is deemed to be service

under Rule 5(b) of the Federal Rules of Civil Procedure. See ECF Rules 9.1 and 9.2 Therefore, if your court filings are docketed on ECF, you do not need to mail them to any other parties who have lawyers, and you will not have to attach an affirmation of service to those documents. If a party does not have a lawyer, you must serve that individual with a copy of your submission and attach a certificate of service to your submission before filing it with the court.

For documents not filed with the court, you must serve court filings on a defendant's lawyer (or on the defendant, if the defendant does not have a lawyer) by mail or any other method described in Rule 5 of the Federal Rules of Civil Procedure. Such documents include discovery materials or any other documents that are not addressed to the court, such as letters to the defendant's lawyer. You must continue to deliver those documents yourself.

## What is a Report and Recommendation?

Sometimes, a district judge will refer a case to a Magistrate Judge for "dispositive motions," which means motions that dispose of a case, such as motions to dismiss and motions for summary judgment. The Magistrate Judge will review the motion and issue a Report and Recommendation to the District Judge recommending that the District Judge grant or deny the motion. The parties then have the opportunity to submit written objections to the Magistrate Judge's Report and Recommendation. After the District Judge considers the parties' objections and the Magistrate Judge's Report and Recommendation, the District Judge will issue a decision. This decision is the final decision on the matter at the district court. A party who disagrees with the District Judge's decision may appeal the decision to the United States Court of Appeals for the Second Circuit.

## How long will it take to go to trial?

Very few civil cases in federal court actually go to trial. Most cases, whether the parties are proceeding pro se or with an attorney, are resolved either by a settlement or a judge's order when one party makes a motion.  For those that are not resolved, a trial will be scheduled by the presiding judge with ample notice to the parties.

## If I don't want to go to trial, can I request settlement or mediation?

Judges will generally ask the parties if they are open to settlement or mediation. Parties can also request opportunities to have a settlement conference or a referral for mediation. Settlement conferences are generally held with a magistrate judge and a mediation proceeds through the court's mediation office.

## What if I want to receive documents by e-mail?

If you are not incarcerated, you may consent to receive court filings electronically. See the enclosed forms Consent to Electronic Service and Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically. If you consent to receive documents electronically, you will receive a "Notice of Electronic Filing" by email each time a document is filed in your case. Please note that, if you consent to electronic service of court filings, you will not receive information from the court anymore.

## What if I want to file documents electronically?

Once your complaint has been filed, if you are not incarcerated, you can seek permission to file future documents electronically. If your application is granted, you can file your court documents on the Internet using ECF. This may be a good option if you have access to a computer, scanner, and PDF writer software. To seek permission to file electronically, complete the Motion for Permission for Electronic Case Filing, which can be obtained from the Pro Se Intake Unit or the court's website, and submit it to the Pro Se Intake Unit. Once you have permission and are given a login and password, follow the directions found in the ECF Rules & Instructions, which may be found on the court's website. You may call the help desk at 212-805-0800 if you need assistance with ECF.

## How can I review the docket in my case?

If you do not have electronic filing privileges, you may access the docket in a few ways: you may (1) call the hotline at 1-866-222-8029 or (2) request, in writing, a printout of the docket sheet. If you are an incarcerated litigant, a copy of your docket sheet is free. For nonincarcerated parties, a copy of your docket sheet will cost $0.50 per page. There also is a kiosk on the 3rd floor and litigants may use it to review their docket sheet.

## Where can I get information about court procedures?

The Pro Se Intake Unit is the office within the courthouse that will be able to answer procedural questions in person or by phone. The Pro Se Intake Unit has been designated by the judges of the court to receive all submissions from pro se litigants. The staff of the Pro Se Intake Unit will ensure that any papers submitted by pro se litigants comply with basic procedural requirements. The Pro Se Intake Unit will not be able to provide legal advice. Legal advice should be given only by lawyers to their clients. The staff of the Pro Se Intake Unit consists of court employees and are prohibited by law from giving legal advice. If you need legal advice, consider making an appointment with the free legal clinic at the courthouse.



**United States District Court**
**SOUTHERN DISTRICT OF NEW YORK**

## NOTICE TO PRO SE LITIGANTS
### Court Filings Are Publicly Accessible

Documents that you file with the court are normally available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's electronic case filing system (ECF). In certain types of cases, such as those under the Social Security Act, remote access to electronic files is limited. See Fed. R. Civ. P. 5.2(c).

**Certain personal information should be removed from all documents *before* you submit the documents to the court for filing.** Federal Rule of Civil Procedure 5.2(a) protects the following information in electronic or paper filings:

    a.    **Social Security and Taxpayer Identification Numbers:** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.

    b.    **Names of Minor Children:** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.

    c.    **Dates of Birth:** If an individual's date of birth must be included in a document, the filer may include only the year of birth.

    d.    **Financial Account Numbers:** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

Rule 5.2 applies to all documents that you or any other parties (or nonparties) submit to the court for filing, including pleadings, exhibits to pleadings, and any other document. Unless otherwise required by court order or rule, you should *not* put the listed types of personal information in documents submitted to the court for filing. If it is necessary to file a document that already contains this type of personal information, you should *redact*, or black out, that information before submitting the document to the court. It is your responsibility to be sure that all documents that you file comply with the rules requiring redaction of personal information. Neither the assigned judge nor the Clerk of Court will review documents for compliance with the rules. If you file a document containing your own personal information, you *waive* (give up) the protection of Rule 5.2 by filing the information without redaction and not under seal.

Protection of other sensitive personal information – such as driver's license numbers and medical information – may be sought under Rule 5.2(d) (Filings Made Under Seal) and Rule 5.2(e) (Protective Orders). Please review Federal Rule of Civil Procedure 5.2 (full text follows), Federal Rule of Criminal Procedure 49.1, and Section 21 of the court's ECF Rules & Instructions for further guidance.

## Rule 5.2. Privacy Protection for Filings Made with the Court

(a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
   (1) the last four digits of the social-security number and taxpayer-identification number;
   (2) the year of the individual's birth;
   (3) the minor's initials; and
   (4) the last four digits of the financial-account number.

(b) EXEMPTIONS FROM THE REDACTION REQUIREMENT. The redaction requirement does not apply to the following:
   (1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;
   (2) the record of an administrative or agency proceeding;
   (3) the official record of a state-court proceeding;
   (4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;
   (5) a filing covered by Rule 5.2(c) or (d); and
   (6) a pro se filing in an action brought under 28 U.S.C. §§2241, 2254, or 2255.

(c) LIMITATIONS ON REMOTE ACCESS TO ELECTRONIC FILES; SOCIAL-SECURITY APPEALS AND IMMIGRATION CASES. Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:
   (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
   (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
      (A) the docket maintained by the court; and
      (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

(d) FILINGS MADE UNDER SEAL. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

(e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:
   (1) require redaction of additional information; or
   (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

(f) OPTION FOR ADDITIONAL UNREDACTED FILING UNDER SEAL. A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

(g) OPTION FOR FILING A REFERENCE LIST. A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

(h) WAIVER OF PROTECTION OF IDENTIFIERS. A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

**United States District Court**
**Southern District of New York**

# SERVICE OF PROCESS IN
# *IN FORMA PAUPERIS* CASES

> This guide is intended to be a summary of basic procedures for serving the summons and complaint. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Service of the Summons

### What is a summons?

- A summons is a document notifying a defendant that she is required to participate in a court proceeding.

### What is service?

- "Service" is the type of process a plaintiff utilizes to notify the defendant that she has been named in a complaint and that she is required to appear in court. ***A case cannot proceed until service is complete.***

- The procedures for serving the summons and complaint are described in Rule 4 of the Federal Rules of Civil Procedure.

## Who Serves the Summons and Complaint?

### The United States Marshals Service Serves the Summons

- If you are proceeding *in forma pauperis* ("IFP") – that is, you submitted an application to the court to waive the filing fee and it was granted – *you do not need to serve the summons and complaint*. The U.S. Marshals Service will carry out this process and there is nothing you need to do to initiate it; it will be initiated by the Court's Order of Service.

- Please note that this process may be lengthy. The USMS has 90 days to attempt and complete service but it may take longer. Please note that the responsibility to



request an extension beyond 90 days lies with you, the plaintiff. *See* Extensions of Time – Rule 4(m), below.

# Newly Added Defendants in Amended Pleadings

- Each defendant must be served with a summons and complaint. If an amended pleading adds a new defendant, the assigned judge will issue a new order of service directing the Clerk of Court to issue a new summons. If an order of service has not been issued, you must ask the assigned judge in writing to issue the order of service.

# Extensions of Time – Rule 4(m)

### What is an expired summons?

- If 90 days have passed, from the date on the summons, the summons is "expired." If there is a defendant who has not been served, you will need to ask the assigned judge for an extension of time for service and for an amended summons.

### How do I ask for an extension of time to serve?

- If the USMS is unable to serve a defendant within 90 days, you must alert the court by filing a letter, addressed to your assigned judge, with the Pro Se Intake Unit, requesting an extension of time to serve the defendant. In your letter, you should state the reasons why you need more time. The assigned judge has discretion to grant a request for more time if made for "good cause" and can set a new date by which the defendants must be served.

# Serving Unknown Defendants – John and Jane Doe Defendants

### If I do not know the name of the defendant, how do I have that person served?

- You can ask the judge to direct the representation of the defendant to identify the defendant, who is often referred to as a "John Doe" or "Jane Doe" defendant. To make this request, you will need to provide as much identifying information about the Doe defendant, so the representative may identify the individual.

- Once the defendant identifies the John or Jane Does, the Court will issue an Order of Service to serve those new defendants and the USMS will serve those defendants.



# Service of All Other Documents

**What type of service is required after the summons has been served? Rule 5**

- If the defendant is represented by a lawyer, no service is required for documents filed electronically on the Court's electronic case filing system. The attorney for the defendant will receive the document on ECF.

- For defendants representing themselves, you must serve documents on a defendant either in person or by regular mail.

- Defendant's counsel must provide you with a hard copy of the defendant's submissions, either by regular mail or email, if you did not consent to electronic service.

**Can I email the defendant's attorney my discovery?**

- Only if you and the defendant's attorney agreed to serve discovery by email.

United States District Court
Southern District of New York

# SERVICE OF PROCESS IN CASES WHERE THE FEES HAVE BEEN PAID

This guide is intended to be a summary of basic procedures for serving the summons and complaint. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Service of the Summons

### What is a summons?

- A summons is a document notifying a defendant that she is required to participate in a court proceeding.

### What is service?

- "Service" is the type of process a plaintiff utilizes to notify the defendant that she has been named in a complaint and that she is required to appear in court. *A case cannot proceed until service is complete.*

- The procedures for serving the summons and complaint are described in Rule 4 of the Federal Rules of Civil Procedure.

### How is service completed? Rule 4(e)

- A process server (not the plaintiff) may:

  - deliver a copy of the summons and complaint personally to the defendant;

  - leave copies at the defendant's dwelling with a person over the age of 18 who currently is residing at the defendant's dwelling; or

  - deliver copies to an agent authorized by appointment or by law to receive service of process.

- For information about appropriate process servers, *see* page 3.

- Before attempting in-person service, the plaintiff may consider asking the defendant – whether an individual or a corporation – to accept informal service by mail. This avoids the time and money required of in person service. This is referred to as a "Waiver of Service."

# Waiver of Service – Rule 4(d)

## What is a "Waiver of Service"?

The plaintiff may ask the defendant to accept service of the summons and complaint by mail. This option offers defendants the option of waiving in-person service; in return, the defendant will have 60 days to answer the complaint instead of the 21 days outlined in Rule 12.

## What is the procedure for waiver of service?

- To serve under the waiver of service provision, you must mail to the defendant's address:
    - a copy of the complaint;
    - two (2) copies of the waiver of service form; and
    - a return, self-addressed, postage-paid envelope.
- Service occurs only if the defendant signs and returns the waiver of service form. *The waiver must be filed promptly with the Pro Se Intake Unit.*
- If you have not received this signed form from the defendant within thirty (30) days (sixty (60) days if the defendant is outside of the United States) after the date of mailing to the defendant, then you must have process served by one of the other allowed methods in Rule 4(e).

# Issuance of a summons

## How do I ask for a summons?

- **At the courthouse.** If you pay the fees at the courthouse, you will receive the original summons with the raised seal, and copies of the summons for each defendant. The person who serves each defendant, known as the "process server" (see below for more detailed information), will serve each defendant with the copy of the summons, not the original.
- **By letter.** If you do not pay the fees at the courthouse when you file your complaint, you will need to notify the Clerk of Court that a summons must be issued. To ensure

that a summons is issued immediately upon payment of the fees, a request for the issuance of summons must be filed in your case and addressed to the Clerk of Court.

## If I amend my complaint, do I need a new summons?

- **Maybe.** If you add new defendants, a new summons must be issued. If the Clerk of Court has not issued a summons for a newly named defendant, you must request in writing that a summons be issued

# Extensions of Time – Rule 4(m)

## What is an expired summons?

- If 90 days have passed, from the date on the summons, the summons is "expired." If there is a defendant who has not been served, you will need to ask the assigned judge for an extension of time for service and for an amended summons.

## How do I ask for an extension of time to serve?

- To request an extension of time to serve, you must contact the court by filing a letter, addressed to your assigned judge, with the Pro Se Intake Unit, requesting an extension of time to serve the defendant. In your letter, you should state the reasons why you need more time. The assigned judge has discretion to grant a request for more time if made for "good cause" and can set a new date by which the defendants must be served.

# Process Server

## Who is allowed to be a process server?

- Any person who is 18 or older and not a plaintiff or defendant in the lawsuit, including family members and friends, may serve the summons and complaint. Fed. R. Civ. P. 4(c)(2).

- If you do not have a person to serve on your behalf, you will need to hire a professional process server. This guide refers to the person entrusted with service in your case, whether someone you know or a professional, as a "process server."

## When should I initiate service on the defendant through the process server?

- The process server has 90 days from the date the summons is issued to serve the defendant. Fed. R. Civ. P. 4(m). You should not wait until the end of the 90-day time period to find a process server and serve the defendant; instead, you should start the process as soon as you receive the summons.



# Other Types of Service Permitted: "Nail and Mail"

## What if I cannot serve the defendant in person, at their home, or with an agent?

- New York state law authorizes the "nail and mail" method of service, which authorizes the process server, after attempting service with "due diligence," to (1) tape a copy of the summons and complaint to the door of the defendant's home or office; (2) mail a copy by first class mail to the defendant's home address; and (3) complete a proof of service, which must be filed with the court. N.Y. Civil Practice Law & Rules § 308(4).

  - **Note:** A process server can show due diligence by making three attempts at service at different times of the day.

- If the "nail and mail" method of service is unsuccessful, then you must request permission from the judge, by filing a motion, to effect service by an alternative method of service. N.Y. Civil Practice Law & Rules § 308(5)

# Proof of Service – Rule 4(l)

## What do I do after service has been completed?

- After service has been made, the process server must complete the return of service on the back of the original summons where it says, "declaration of server," affirming under penalties of perjury that service has been made and describing the details of the service.

## What do I do with the original summons?

- Once the original summons with return of service is completed, it must be filed promptly with the Pro Se Intake Unit.

# Serving a Business – Rule 4(h)

## Where do I serve a business, corporation, or partnership?

- An officer or other person authorized by a company to receive process must be served personally. This person can be the president, vice president, or a person specifically designated by the company to receive process. In contrast, a receptionist or secretary may not be authorized by the company to accept service of process, even if that person receives other mail or packages. To determine who is authorized to accept service of process, the process server should call the company to ask who is



authorized or designated to accept service of process for the company. The process server also may contact the New York State Department of State, Division of Corporations, for this information at (518) 473-2492. This information also is available on the New York Department of State's website: dos.ny.gov/instructions-service-process.

- If the process server cannot serve a corporation with the address provided, service may be made on the New York Secretary of State, in Albany, New York, if the corporation is incorporated or licensed to do business in New York State. This is done by delivering, not mailing, the papers to the Secretary of State's office located at 41 State Street in Albany, New York. The process server will still need a working address for the corporation. There is a fee for serving the Secretary of State on behalf of a corporation.

# Serving Unknown Defendants – John and Jane Doe Defendants

### If I do not know the name of the defendant, how do I have that person served?

- You can ask the judge to direct the representation of the defendant to identify the defendant, who is often referred to as a "John Doe" or "Jane Doe" defendant. To make this request, you will need to provide as much identifying information about the Doe defendant, so the representative may identify the individual.

- Once the defendant identifies the John or Jane Does, the Court will issue an Order of Service to serve those new defendants and the USMS will serve those defendants.

# Serving the United States, Federal Agencies, or Federal Employees – Rule 4(i)

When the "United States" is a defendant, the following procedure must be followed:

- Hand-delivery to the United States Attorney for the Southern District of New York, Civil Division (86 Chambers Street, New York, NY); OR

- Hand-delivery to an assistant United States attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk's Office; OR

- Send a copy of the summons and complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney for the Southern District of New York; AND

- Send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; AND



- If the complaint challenges the validity of an officer or agency of the United States but that officer or agency is not named as a defendant, send a copy of the summons and complaint by registered or certified mail to the officer or agency.

A federal agency, or federal officer sued in her official capacity, must be served by following this procedure:

- Serve the United States in the manner described above AND

- Send a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

A federal officer sued in his individual capacity – for conduct committed in connection with the performance of duties on behalf of the United States – the following procedure must be followed:

- Serve the United States in the manner described above, AND

- Serve the officer or employee personally

# Serving a State or Local Government – Rule 4(j)

- Hand-delivery to the Chief Executive Officer of the government entity being sued.

- The attorney for the Defendant also may be served. For example, if the City of New York is sued, the New York City Law Department may be served with a summons.

# Serving a Foreign Government or a Defendant in a Foreign Country – Rule 4(j) and Rule 4(f)

- Service on a foreign individual or business may be made pursuant to "any internationally agreed means of service." Fed. R. Civ. P. 4(f)(1),

- If the defendant resides in a country that is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, then service by registered mail may be acceptable.[1]

- If mail service is not successful, service on a designated "Central Authority" in the country where the defendant is located may be required.

# Serving a Minor or Incompetent Defendant

- **Serving a Minor (under 14).** The minor's parent, guardian, custodian, or adult spouse must be served personally.

---

[1] A list of signatory countries is widely available on the internet.



- **Serving a Minor (under 18).** If the minor is at least 14 years old, the minor's parent, guardian, custodian, or adult spouse must be served AND the minor also must be served personally. N.Y. Civil Practice Law & Rules § 309(a).

# Service of All Other Documents

**What type of service is required after the summons has been served? Rule 5**

- If the defendant is represented, no service is required for documents filed electronically on the Court's electronic case filing system. The attorney for the defendant will receive the document on ECF.

- For defendants representing themselves, you may serve documents on a defendant either in person or by regular mail.

- Defendant's counsel must provide you with a hard copy of the defendant's submissions, either by regular mail or email, if you did not consent to electronic service.

**Can I email the defendant's attorney my discovery?**

- Only if you and the defendant's attorney agreed to serve discovery by email.

**United States District Court**
**Southern District of New York**

# MOTIONS

> This guide is intended to be a summary of basic procedures for motion practice. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Motions

### What is a motion?

- A motion is a formal way for a party to ask the court to do something. Generally, any time a party wants the court to do something in a case, that party must make a motion. See Fed. R. Civ. P. 7(b). Some types of motions — the types most often made in cases involving litigants without lawyers — are discussed in this packet.

### What is a dispositive motion?

- A "dispositive" motion means that if the court grants the motion, judgment will be entered with respect to certain claims or defenses, or even with respect to the entire case. Dispositive motions include motions to dismiss and motions for summary judgment.

- Other types of motions, such as a motion to amend the complaint or a motion for an extension of time, are "nondispositive," which means that the decision on the motion will not ordinarily result in judgment or dismissal of any part of the case.

### What are the steps for making a motion?

- Motions must be made in writing, except for those made during a hearing or a trial. See Fed. R. Civ. P. 7(b).

  o First, the party who makes the motion (called the "moving party" or "movant") files the motion, explaining what the moving party wants the court to do and why the court should do it.

  o Second, the opposing party files papers opposing the motion, explaining why the court should not grant the motion.



- o Third, the moving party may file reply papers responding to the arguments made in the opposition papers. At that point, neither side may file any more documents related to the motion without permission from the court.

## Will there be oral argument on the motion?

- After all of the motion papers are filed, the court will typically decide the motion based solely on the arguments in the papers. In some cases, the court may schedule a conference where each side appears in the courtroom and states their arguments in person (this is called "oral argument").

- In either case, the court may decide the motion either in a written decision or by announcing the decision in the courtroom during a conference.

## How do I file and serve motion papers?

- Unless you have applied for and received permission to file your documents electronically, you should mail or deliver all papers to the Pro Se Intake Unit. The Clerk's Office will scan and docket your papers, and if the other parties have lawyers, they will be served with your papers electronically.

- If any other parties do not have lawyers, you must serve those parties with paper copies of your documents.

## When will the court decide the motion?

- Given how many cases each judge is assigned, it may take a while before the court decides a motion.

# Making a Motion

## How do I make a motion?

- First, you must determine the legal basis for bringing the motion. Some of the most common types of motions brought by plaintiffs without lawyers are motions for extensions of time, motions to compel compliance with discovery requests, and motions to amend a complaint.

- Second, you must check the Local Civil Rules and the judge's individual rules of practice to determine whether you are required to request a conference or take some other step before making your motion. If, for example, you would like to make a motion concerning a discovery issue, you must first write a letter to the judge. See Local Civil Rule 37.2. In some cases, a formal motion is not required, and you may make a motion simply by writing a letter.

- Third, you must draft your motion papers, which are described next.



## What documents do I need to file to make a motion?

- Under Local Civil Rule 7.1, unless the court makes an exception, all motions must include the following motion papers:[1]

  - o **Notice of Motion:** This notice (usually just one page) specifies (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do. A Notice of Motion form is attached to this guide.

  - o **Memorandum of Law:** The memorandum of law describes the cases, other authorities, and arguments that support the party's position. This is often referred to as a "brief."

  - o **Declaration:** A declaration (sometimes called an "affirmation") is a statement made under penalty of perjury that contains factual information relevant to the motion. The declaration may also include attached exhibits. A declaration is only required if factual information is necessary for the court to decide the motion.

- All motion papers must include a caption, the docket number, and the initials of the district judge and any magistrate judge before whom the case is pending, and have the name, address, telephone number, and email address (if available) of each person signing it clearly printed or typed below the signature. See Fed. R. Civ. P. 7, 10, 11; Local Civil Rule 11.1.

- Motion papers should also include a title next to or below the caption; for example, "Notice of Motion for Extension of Time" or "Declaration in Support of Motion to Dismiss." (Local Civil Rule 11.1 describes other formatting requirements for typewritten motions.)

- Certain types of motions may be made by letter. Check the Local Civil Rules and the individual rules of practice of the judge.

- If you are the one who made the motion, you are entitled to file a reply, responding to arguments that the other side made in its opposition papers.  Unless the judge set a different schedule or includes different deadlines in his or her individual rules of practice, a reply is generally due seven days after the opposition is served. Your reply should consist of a memorandum of law or declaration (or both).

---

[1] The Clerk of Court will not refuse to accept your papers simply because they do not exactly comply with these rules. See Fed. R. Civ. P. 5(d).



# Opposing Motions

## How much time do I have to oppose a motion?

- Unless otherwise ordered by the judge or specified in the judge's individual rules of practice, opposition to most motions must be filed within 14 calendar days after you are served with the motion papers. Check Federal Rule of Civil Procedure 6 and Local Civil Rule 6.1, as well as the judge's individual rules of practice, if you are unsure how much time you have to respond to a motion.

- If you need additional time to meet a motion deadline, you should ask the party who made the motion for an extension of time. If that party agrees, you and that party can submit the agreement to the court to get its approval of the proposed schedule. If that party does not agree, you may write a letter to the judge asking for an extension of time.

## What documents do I need to file to oppose a motion?

- Unless the court makes an exception, you will need to file a memorandum of law to oppose a motion. In your memorandum of law, you will describe the cases, other authorities, and arguments that support your position that the motion should not be granted.

- If factual information is necessary for the court to decide the motion (if, for example, the defendant has moved for summary judgment), you may also need to submit one or more declarations. You may attach additional evidence as exhibits to the declarations.

- After you file your opposition, the party who made the motion may file a reply. You cannot "oppose" or respond to reply papers without permission from the court.

# Motions to Dismiss (Rule 12)

- In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Rules 12(b) and 12(c) of the Federal Rules of Civil Procedure.

- The defendant may move to dismiss before filing an answer (under Federal Rule of Civil Procedure 12(b)) or after (under Federal Rule of Civil Procedure 12(c)).



- If you need to add facts to your complaint to oppose the motion to dismiss, you should describe the additional facts in a proposed amended complaint and submit that document with your memorandum of law.

# Motions for Summary Judgment (Rule 56)

- In a motion for summary judgment, a party (usually, but not always, a defendant) argues that the court should decide the case without a trial, because the undisputed facts show that the other party is not entitled to a verdict in that other party's favor. See Rule 56 of the Federal Rules of Civil Procedure.

- With some exceptions, motions for summary judgment are normally made after discovery has concluded.

- To successfully oppose a motion for summary judgment, you need to present the evidence, through declarations or exhibits, that demonstrates that there are disputes over important facts and therefore a trial is needed.

- In addition to the other documents required to make a motion, a party's motion for summary judgment must include a statement in the form required by Local Civil Rule 56.1 (a 56.1 statement).

- In the 56.1 statement, the moving party must list, in individually numbered paragraphs, important facts that the party argues are not in dispute.

- To oppose a motion for summary judgment, in addition to a memorandum of law, you must submit your own statement responding to the other party's 56.1 statement.

  o In paragraphs numbered to correspond with the other party's 56.1 statement, you must state whether you agree or disagree with each factual statement.

  o If you agree with the statement, you may just write "agree" as to the particular numbered paragraph.

  o If you disagree with the statement, you must identify evidence that supports your version of the facts. You may cite to your own sworn statement (such as a declaration made under penalty of perjury), deposition testimony, witness affidavits, or other documents as evidence to demonstrate that there is a dispute concerning that statement of fact. All of this evidence must be submitted to the court. You may do this by filing a declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

  o For example, if the defendant states: "1. The light was green when defendant entered the intersection," the plaintiff can either write: "1. Agree." or something like: "1. Disagree. The light was red when the defendant entered the intersection. See Police Accident Report, attached to plaintiff's declaration as Exhibit A."



- If you do not respond to the other party's 56.1 statement, or if you do not respond to a particular paragraph, the court may consider the opposing party's factual statement to be true.

- If you believe that you need access to additional information to oppose the motion, you must file a declaration stating what information you need and why you need it to oppose the motion. See Fed. R. Civ. P. 56(d). Usually, filing such a declaration is appropriate only if the motion was made before discovery ended.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

-against-

_____

_____

Write the full name of each defendant or respondent.

Case No. _____ CV _____

## NOTICE OF MOTION

PLEASE TAKE NOTICE that

_____    _____
plaintiff or defendant        name of party who is making the motion

requests that the Court:

_____

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☐ my own declaration, affirmation, or affidavit

☐ the following additional documents:

_____        _____
Dated                                          Signature

_____        _____
Name                                          Prison Identification # (if incarcerated)

_____    _____    _____    _____
Address                      City          State      Zip Code

_____        _____
Telephone Number (if available)        E-mail Address (if available)

SDNY Rev: 5/24/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                         Signature

_____          _____
Name                                             Prison Identification # (if incarcerated)

_____          _____            _____   _____
Address                            City                     State       Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# DISCOVERY

> This guide is intended to be a summary of basic discovery procedures. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's local rules, or the individual practices and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Discovery

### What is discovery?

- Discovery is the process through which the parties exchange information that may be helpful to prove their claims or defenses.

- The discovery process is governed by Federal Rules of Civil Procedure 26–37, 45, and the court's Local Civil Rules.

- Discovery generally begins after the defendant files an answer, the parties hold a discovery planning conference, and the judge issues a scheduling order.

- The discovery process is designed to go forward between the parties with minimal court involvement. Discovery issues should only be raised with the court if the parties have a dispute and cannot resolve the disagreement themselves.

- This packet will discuss the different discovery methods.

- Although many of the instructions below refer to "you," the requirements described apply to all parties.

### How do I serve discovery requests and responses?

- A discovery request or response can be served by any method described in Federal Rule of Civil Procedure 5(b), including:
  - by mailing it
  - by handing it to the person
  - by leaving it at the person's office with a clerk or person in charge, or
  - by emailing it, if the parties have agreed to exchanging documents by email.

- To serve a discovery request on a nonparty (where permissible), you must follow the procedures in Federal Rule of Civil Procedure 45.



- You must sign your discovery requests and responses and include your name, address, phone number, and email address (if available).

## Do I have to file discovery requests or responses with the court?

- No. Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 state that discovery documents should not be filed with the court unless the judge requires the parties to file them.

## What are initial mandatory disclosures? (Rule 26(a))

- There is certain information that the parties must share with each other once a lawsuit has been filed, even before the other party requests it. Within 14 days after your discovery planning conference with your adversary, each party must provide to the other party:
  - o The name, address, and phone number of anyone likely to have discoverable information that the party may use to support a claim or defense
  - o A copy or a description (including category and location) of all documents, electronically stored information, and tangible things that the party has and may use to support a claim or defense
  - o A calculation of each category of damages the party is claiming and the documents or materials on which the calculation is based
  - o Any insurance agreement the party may have that may pay any judgment against it or that may indemnify or reimburse for payments made to satisfy the judgment.
- There are certain types of cases that are exempt from these initial disclosures. For example, if you are currently incarcerated, these disclosures are not automatically required in your case. Refer to Federal Rule of Civil Procedure 26(a)(1)(B) to see if your case falls into a category that is exempt.

## What if I am currently incarcerated?

- Local Civil Rule 33.2 – which applies to prisoner cases in which the plaintiff does not have a lawyer and alleges (1) use of force; (2) inmate-against-inmate assault; or (3) disciplinary due process violations where the punishment was confinement in the segregated housing unit for more than 100 days – requires defendants to automatically provide certain discovery to the plaintiff.
- The defendants must disclose the required information and documents within 120 days of when the complaint is served.



## What else must the parties disclose?

- If a party plans to call an expert witness, the party must provide an expert report that includes, among other things, a complete statement of all opinions the expert will express. See Fed. R. Civ. P. 26 (a)(2).

- If your case proceeds to trial, there is additional information that the parties will have to disclose, such as the identity of any witnesses they plan to call at trial. The judge will issue an order describing and setting a schedule for these pretrial disclosures.

## What is the scope of discovery? (Rule 26(b))

- Unless the judge sets other limits, parties may obtain discovery regarding any nonprivileged matter

  o that is relevant to a claim or defense of any party, and

  o is proportional to the needs of the case, considering
    - the importance of the issues at stake in the case
    - the amount in controversy in the case
    - your access to information relative to your adversary and your resources
    - the importance of the discovery in resolving the issues, and
    - whether the burden and expense of the proposed discovery outweighs its likely benefit.

## What are the limits on discovery? (Rule 26(b))

- The court may impose further limits on discovery, because, for example:

  o the discovery seeks information already provided or available from a more convenient and less expensive source

  o the party seeking the discovery has already had a chance to obtain the information

  o the discovery seeks documents and tangible things prepared for trial, or

  o the information requested is privileged, for example, due to the attorney-client or doctor-patient privilege, or is protected by confidentiality agreements.

## What if the parties have a disagreement about discovery?

- Disagreements about discovery are not uncommon. All parties must conduct discovery in good faith. This means that they must attempt to resolve disputes between themselves, for example, by discussing the matters in a telephone call, before seeking assistance from the judge.

 
- If the parties are unable to resolve discovery disputes after making good faith efforts to do so, it may be necessary to seek the judge's intervention.

- If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the judge. You do this by writing a letter to the judge and delivering or mailing the letter to the Pro Se Intake Unit (the courthouse addresses are on the front page of this document).

# Pretrial Conferences

- The judge may schedule a number of pretrial conferences in your case.

- Once the defendant has filed an answer to the complaint, or after there has been a decision on a motion to dismiss the complaint, the judge may schedule an initial case management conference, also known as a Rule 16 conference or scheduling conference.

- A pretrial conference typically is held in the judge's courtroom with the parties or their lawyers present. In prisoner cases or cases where a party does not live in the area, the conference may be held by telephone or videoconference.

- At the conference, the parties and the judge will discuss and resolve scheduling or discovery issues or other matters.

- Scheduling of conferences is not automatic; it is up to the judge whether and when to hold conferences.

- Later pretrial conferences may be held to deal with changes to the schedule, to try to settle the case, to resolve discovery disputes, or to discuss a plan for trial.

### The Initial Case Management Conference (Rule 16)

- The initial case management conference often is the first opportunity for you and opposing counsel to meet with the judge and briefly describe the nature of your claims and the defendant's defenses. The judge will discuss discovery and the parties' discovery plan (if there is one), and whether the case can be settled at an early date.

- Opposing counsel may contact you to discuss a plan for discovery. This is because, except in certain types of cases (for example, where the plaintiff is incarcerated and does not have an attorney), Federal Rule of Civil Procedure 26(f) requires that you and the other parties to your case hold a conference to make a plan for discovery.

- This conference, which may be by telephone, must be held as soon as possible, but at least 21 days before the court is to hold an initial case management conference or a scheduling order is due. See Fed. R. Civ. P. 16.



- After the parties have their discovery conference, they must submit an outline of their proposed discovery plan to the court.

- At the initial case management conference, the parties and the judge will discuss a plan for discovery. At or after the conference, the judge will likely enter a scheduling order setting deadlines for amendment of the pleadings, motions, and the completion of discovery.

## Conduct at All Conferences

- When attending a conference, all parties should show respect for the judge by dressing neatly and being on time. A conference may be held in the courtroom or in a conference room.

- If the conference is held in the courtroom, the judge will sit on the bench and the parties will sit at the tables. The judge's deputy clerk will tell you where to sit.

- Whenever you speak to the judge, you should stand, unless the judge says otherwise. It is customary to refer to the judge as "Your Honor."

# Interrogatories (Rule 33)

### What are interrogatories?

- Interrogatories are written questions that the parties may serve on each other to help them learn information about the case.

- Federal Rule of Civil Procedure 33 and Local Civil Rules 33.2 and 33.3 explain the requirements for interrogatories.

### To whom can I direct interrogatories?

- You may serve interrogatories only on parties to the litigation.

### How much does it cost to serve interrogatories?

- The only cost is the cost of drafting and serving the questions on the party.

### What types of questions can I ask?

- The purpose of your interrogatories should be to uncover evidence for your case.

- Under Local Civil Rule 33.3, at the beginning of discovery, interrogatories may only be used to find out:
  - the names of witnesses who may have information about the case
  - the value of damages alleged
  - the existence of documents relating to the case, or



- o    the existence of physical evidence.

## Do I need the judge's permission to serve interrogatories?

- Generally, no, but you would need to ask the judge's permission:
  - o    to ask a party to answer more than 25 interrogatories, or
  - o    to serve interrogatories at the beginning of discovery that are outside the scope of the four categories listed above.

## Do my interrogatories need to be in a particular format?

- Your interrogatories should be in a numbered list.

## How do I respond to interrogatories?

- You have 30 days to respond to interrogatories, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You must answer each interrogatory separately and fully in writing and under oath.
- If you have an objection to an interrogatory, you must explain it in writing. If you object only to part of the interrogatory, you must respond to the other part.
- If you do not understand what is being asked, you should first try to discuss it with the other party, rather than objecting or writing to the judge.
- If the other party believes that your objection is incorrect or unreasonable, that party may ask the judge to order you to respond.

## What if I am not sure of the answer to an interrogatory?

- You must answer an interrogatory to the best of your ability with all the information available to you.
- You must look for the answer to an interrogatory if it can be found in your records or some other available place.
- It is inappropriate to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

## What if I want to change my answer after I have responded to an interrogatory?

- If you learn something new that would change your response to an interrogatory, you must let the other party know.
- You should send a letter amending your answer to include the new information. Your amended answer, like your original response, must be under oath.



# Requests for Production of Documents (Rule 34)

**What is a Request for Production of Documents?**

- Requests for production of documents allow you to obtain or inspect documents, electronically stored information, or tangible objects relevant to your case.

**On whom can I serve document requests?**

- Document requests can be served on anyone, not just parties to the lawsuit.

- Federal Rule of Civil Procedure 34 explains the requirements for document requests to be served on parties to the lawsuit. Federal Rule of Civil Procedure 45 explains the requirements for service on nonparties.

**What types of information can I obtain or inspect through a document request?**

- Designated documents or electronically stored information – including writings, drawings, charts, photographs, images, etc.

- Any designated tangible things (for you to inspect, copy, test, or sample), including physical objects that are not documents, or

- Property (for you to inspect, photograph, or measure).

**How much does it cost to serve a request for production of documents?**

- To serve a party to the lawsuit, the only cost is that of drafting and serving the request.

- There will be costs to serve a nonparty. See Fed. R. Civ. P. 45.

**Do my requests for document production need to be in a particular format?**

- Your requests should be in a numbered list.

**How long do I have to respond to document requests?**

- You have 30 days to serve a written response to document requests, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You must produce the requested documents either at the time stated in the request or at another reasonable time that you specify in your response.

**In what form do I produce the requested documents?**

- You must produce the documents in the form in which they are ordinarily maintained, or in reasonable usable form, unless otherwise specified in the request.



- You should organize and label the documents to correspond with the categories in the request.

**Do I have to produce all of the requested documents?**

- You must respond in writing to every individual document request. You can either produce the document or object to the request.

- You can object to part of a request, or the full request, but you must state a specific reason for each objection.

**Do I have to turn over medical or arrest records?**

- If your physical or mental condition is at issue in the lawsuit, or if your criminal history is at issue, you may be required to produce, or authorize release of, your medical records or arrest records.

# Depositions (Rules 27-32)

**What is a deposition and how does it work?**

- A deposition is a procedure used to get the testimony of a party or nonparty witness before trial.

- Depositions are conducted in a question-and-answer format and are generally recorded by a stenographer or by electronic means.

- The deponent (the person who is being deposed) answers questions under oath, meaning that he swears or affirms that all of his answers are true.

**Do parties need the judge's permission to take a deposition?**

- Each party is allowed to take up to ten depositions without the judge's permission.

- A party generally does not need the judge's permission to take a deposition, except when:
    - the deponent is in prison
    - the party has already taken ten depositions
    - the deponent has already been deposed in the same case, or
    - the party wants to take the deposition before the pretrial discovery conference.

**How do I arrange for a deposition?**

- First, consult with the attorneys for the other parties to choose a convenient time and location for the deposition. Then, serve a notice of deposition on all the parties to the suit and the deponent within a reasonable time before the deposition is scheduled.



- You must arrange a location to take a deposition, hire a court reporter or someone authorized to administer oaths and take testimony, and arrange for an interpreter if one is necessary.

- You are responsible for making sure the deposition is recorded and determining the method for recording the deposition. The deposition can be recorded by any method as long as the deponent is sworn in, but it is usually recorded by means of stenograph, audiotape, videotape, or tape recorder. You are responsible for paying the cost of the recording.

- A deposition can be taken by telephone or other remote means if the parties agree or if the court orders it.

- You may take a deposition at the courthouse. You may also arrange for the court to provide recording equipment. To make the arrangements, contact the Pro Se Intake Unit.

## How much will it cost to depose someone?

- Depositions can be expensive because you need to pay the court reporter or person who will administer the oath as well as a translator if one is necessary.

- If you plan to use the deposition testimony as evidence, you will also need to pay for the recording of the deposition to be transcribed. The transcription could cost around $4 per page. The transcript for an hour-long deposition may consist of around 35-45 pages. If you took a deposition that lasted four hours with a court reporter, the cost could be approximately $1,000.

## What does a notice of deposition have to include?

- The notice of the deposition must state the time and place of the deposition, and if known, the deponent's name and address.

- If you do not know the deponent's name and address, you must provide a general description sufficient to identify the person.

- You must also state the method for recording the testimony.

## When do I need to get a subpoena for a deposition?

- If you want to depose a nonparty to the lawsuit, you must first request a subpoena from the Pro Se Intake Unit. You will be required to serve the subpoena and pay witness fees and reasonable travel expenses. See Fed. R. Civ. P. 45.

## How long can a deposition last?

- A deposition is limited to one day of seven hours. If a deposition will last more than seven hours, you must get permission from the judge.



**What can I ask at a deposition?**

- Generally, you may ask questions about matters that are relevant to any party's claims or defenses.

**Does the deponent have to answer all of the questions?**

- Generally, the deponent has to answer all of the questions.

- The deponent may make an objection during the deposition, but his testimony must still be taken and the objection will later be reviewed by the judge. A deponent may refuse to answer a question in only two situations:

  o to preserve a privilege such as the attorney-client privilege or doctor-patient privilege, or

  o when the judge has already ordered that the question does not need to be answered.

- If there is a dispute about what can be asked, it may be necessary to call the judge to ask for a ruling.

**Can the deponent change his or her testimony after the deposition?**

- The deponent has 30 days after being notified that the transcript or recording is available to review the transcript.

- If the deponent would like changes to be made, he can sign a statement listing those changes and the statement will be attached to the deposition transcript, but the original transcript will not be changed.

**What if I can't take a deposition because I am incarcerated or because it is too expensive?**

- If you cannot appear at a deposition or you cannot afford to take one, you may use interrogatories to get answers to questions from a party to the case or an employee of the party.

- You may also ask the judge about alternative procedures that may be available.

# Requests for Admission (Rule 36 and Rule 37)

**What is a request for admission?**

- In a request for admission, one party asks another party to agree to the truth of specified facts or to the genuineness of specified documents.



- If both parties admit to the truth of a fact or validity of a document, the court will treat that fact or document as true for the rest of the litigation process. An admission in a particular lawsuit cannot be used as an admission in a different lawsuit.

- Requests for admission are often most useful near the end of the discovery period, when they can help narrow the issues for trial.

**What can I request admission to?**

- Facts – for example, that Officers Brown and James were present at the incident

- The law that applies to a fact – for example, that Officers Brown and James are state actors

- The authenticity of documents – for example, that a document is the police report filed by Officers Brown and James relating to the incident

**Are there matters that are not appropriate for requests for admission?**

- Yes. You should not ask other parties to admit to matters that you know are disputed. For example, you should not ask the defendant to admit "that Officer Brown beat me up."

**How many requests for admission can I serve?**

- The rules do not limit the number of admissions you may request. Admissions from both parties can help speed up the litigation process and make it easier to submit documents into evidence. But requests for admission should be made in good faith and should not be so numerous as to be unduly burdensome to the opposing party.

**Do my requests for admission need to be in a particular format?**

- Your requests should be in a numbered list.

**How do I respond to a request for admission?**

- You have 30 days to serve a written response to a request for admission, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You may admit the matter, specifically deny it, or state in detail why you cannot truthfully admit or deny it. You may also specify that you admit one part and deny or qualify the rest.

- You must state the grounds for objecting to a request.



**What happens if I do not respond to a request for admission?**

- If you do not respond to a request for admission within the time frame, the matter will be considered admitted.

**What happens if I deny a request for admission?**

- You may deny requests for admissions that you do not believe to be true.

- If the other party later proves that the fact is true or the document is authentic, that party may make a motion, seeking reasonable expenses, including attorney's fees, that resulted from proving the matter. The judge must grant the motion unless:
  - o the request was objectionable
  - o the admission sought was not important
  - o the party who did not admit had reason to believe they might prevail on that matter; or
  - o there was other good reason for the failure to admit.

# Physical and Mental Examinations (Rule 35)

**Can I be required to submit to a physical or mental examination?**

- If your physical or mental condition is at issue in the lawsuit, the court might order you to submit to a physical or mental examination. This might occur, for example, if you claim that the other party caused you physical injury or emotional harm.

**Who pays for the physical or mental examination?**

- The party that requests the examination must pay for it. You will not have to pay for the examination if the other party asks for it.

**Do I have to submit to an examination, if asked?**

- A court order is required for a mental or physical examination, unless the parties agree to the examination without an order. If you do not agree to an examination, the other party can make a motion, asking the judge to order you to submit to one.

- If you have been ordered to submit to an examination and you have questions about the procedure, you should write to the judge.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

_____CV_____ (_____)(_____)

-against-

NOTICE OF CHANGE OF ADDRESS

_____

_____

(List the full name(s) of the defendant(s)/respondent(s).)

I hereby notify the Court that my address has changed to the following:

| Date | Signature |
|---|---|
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address (if available) |
|---|---|

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136



**United States District Court**
**Southern District of New York**

## UNITED STATES MAGISTRATE JUDGES:
### REFERRALS AND CONSENTS

All cases in the Southern District of New York are assigned to two judges: a district judge and a magistrate judge. District judges are appointed for life terms by the President. Magistrate judges are selected by a majority vote of the district judges in the particular district and serve terms of eight years.

**Referrals to the Magistrate Judge:** The district judge assigned to your case may refer the case to a magistrate judge for specific purposes. Commonly, the referral will be for the magistrate judge to conduct the proceedings that occur before trial, such as resolving discovery disputes or presiding over settlement conferences. A referral may also be made for the magistrate judge to issue to the district judge a report and recommendation on how to resolve a motion, such as a motion to dismiss or a motion for summary judgment. The consent of the parties is not needed for the district judge to refer the case to the magistrate judge for these purposes. If the district judge has made such a referral, you can ask the district judge to review any magistrate judge's decision by filing an objection with the district judge within fourteen days of that decision. The district judge will rule on any timely objections that you file. If you do not file an objection, you will give up your right to challenge the magistrate judge's decision at a later time, including on appeal. *See* Federal Rule of Civil Procedure 72.

**Consent to Proceed Before the Magistrate Judge:** If you would like your case to move more quickly, it is helpful to consent to proceed before the magistrate judge for all purposes, including any trial. If all parties consent, the magistrate judge will perform the identical function that the district judge would have performed. Any trial in your case would be either a jury or a nonjury trial, depending upon whether there is a right to a jury trial and a proper request for such a trial. The only difference is that the magistrate judge – and not the district judge – would preside over that trial. Cases that proceed for all purposes before a magistrate judge generally move more quickly than cases before a district judge. If all parties consent to proceed before the magistrate judge, the district judge plays no further role in the case. Any appeal is taken directly to the Court of Appeals. It is your choice whether or not to consent to proceed before the magistrate judge.

A copy of the appropriate consent form is attached. Additional forms are also available from the Pro Se Intake Unit and on the Court's website.

Rev. 1/27/16

AO 85 (Rev. 01/09)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
| *Defendant* | ) |  |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

**United States District Court
Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136

rev. 3/5/21

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City                State                Zip Code


_____
Telephone Number                E-mail Address


_____
Date                Signature

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff or petitioner.

-against-

_____

_____

Write the full name of each defendant or respondent.

_____CV_____

**MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1. I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf/ECF%20Rules%20Revision%20031714.pdf, and agree to abide by them.

2. I completed the Court's CM/ECF introduction course[1] on _____ .

3. I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

4. I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

5. I understand how to convert a document to PDF-A format.

6. I have regular access to the technical requirements necessary to e-file successfully:

    ☐   a computer with internet access and a word processor

        type of computer I will be using: _____

        type of word processor I will be using: _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

SDNY Rev: 5/20/2016

☐    an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

☐    a scanner to convert documents that are only in paper format into electronic files

scanning equipment I will be using: _____

☐    a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

version of Adobe Acrobat or other PDF reader and writer that I will be using:

_____

☐    a printer or copier to create required paper copies such as chambers copies.

7.  I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

8.  I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.


_____          _____
Dated                                            Signature


_____
Name


_____          _____
Address                              City                              State      Zip Code


_____          _____
Telephone Number                          E-mail Address


2

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)